## WADE v. CHANDLER.

Circuit Court, Okaloosa County.

October 22, 1959.

Erwin Fleet, Fort Walton Beach, for plaintiff.

E. Dixie Beggs, Yonge, Beggs & Lane, Pensacola, for defendant.

L. L. FABISINSKI, Circuit Judge.

This cause is submitted to the court upon motion for summary judgment for the defendant. The issue is made by the denial of the defendant that the mortgage allegedly executed by her husband and herself was their deed. The essence of the defense is a purported forgery of the names of the defendant and her deceased husband by their son, also now deceased.

In determining the merits of the motion the court has eliminated from consideration all testimony which might properly be held to be incompetent under the "Dead Man's" Act.

The evidence as presented by the documents offered by the parties is overwhelming that a forgery was in fact committed in the execution of the mortgage, with a single exception. The exception is a document entitled "affidavit", but technically defective in that the notary used the form of an acknowledgment, instead of the cus-

tomary "Sworn to and subsc;,,ed before me," in his certificate. The person, Joe Rodgers, ez \uting the purported "affidavit" (which the court accepts as su;/1 in spite of the loose language of the notary) was a witness in a pre-trial deposition taken prior to the execution of the affidavit, and the testimony given in the affidavit is categorically contrary to that given in his deposition, as to the execution of the mortgage by defendant and her husband, and their presence when he signed as a witness to the mortgage. The affidavit is also directly contrary to any other testimony in the matter, is not corroborated in any particular, and no attempt is made to explain the change in the testimony shown in the two documents.

Only by giving effect to the affidavit can the plaintiff possibly demonstrate that there remains an issue of fact to be determined, justifying the denial of the motion for summary judgment and the submission of the issues to a trier of fact for determination.

It is the contention of defendant that the two statements under oath nullify each other, and that as a matter of law, and not of fact, the testimony of Joe Rodgers should be eliminated from consideration in determining the merits of the motion for summary judgment.

We have no decision directly upon this point in Florida; in other jurisdictions there is an apparent division of authority, but the opinion is ventured that upon analysis it will be found that the circumstances of the particular cases have determined the decision rather than a hard and fast rule of law. In Georgia, under the Code provisions, the testimony here in question would be eliminated from consideration. In other jurisdictions the same result would follow by judicial precedent.

The rule in Missouri would seem to be an illustration of the logical rule to follow. An example is the case of Stall v. First National Bank of Independence, 132 S.W. 2d 676. The decision on appeal depended on the propriety of the trial court's refusal to sustain a demurrer to the evidence. This, of course, presented a question of law. On page 682, paragraphs (9, 10), the court cites with approval and follows the principle stated in Adelsberger v. Sheehy (Mo.), 59 S.W. 2d 644—" 'Where a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, *with no explanation of the contradiction, and no other fact or circumstance in the case tending to show which version of the evidence is true, no case is made,* and the jury should not be permitted to speculate or guess which statement of the witness should be accepted.' " Italics are added.

In the case from which the foregoing quotation is taken, Adelsberger v. Sheehy, 59 S.W. 2d 644, text page 647, paragraph (6-7), there is this qualification added—"On the other hand, if, in such a case, the conflicting and contradictory statements of the witness are reasonably explained, or if there are other facts and circumstances in the case tending to show which story of the witness is true, and from a fair consideration of all the facts and circumstances in evidence a jury could reasonably determine which statement of the witness should be accepted as true, then the credibility of the witness and the weight to be given to his testimony are questions for the jury." In the instant case there is no other testimony bearing on the question as to whether or not W. G. Chandler and Clara H. Chandler were personally present, in the presence of the witness, Joe Rodgers, and executed the mortgage in the presence of affiant Rodgers.

The court has before it allegedly genuine signatures of the parties available for consideration, but has not made use of them in determining the motion; such comparison being inappropriate upon the motion.

It may be appropriate to observe that in construing the Georgia Code provisions the courts there take much the same position as in Missouri—that in spite of the rigid rule of the Code, explanation of the apparent conflict and contradiction will take the case out of the rule.

In view of what has been said, and because the court feels that it cannot question the logic of the rule expressed in the Missouri cases, the motion of the defendant for summary judgment is granted.